ing water and sewer companies. *See* 26 Pa.C.S. § 204(b)(2)(i). Notably, however, as a municipal authority RAWA is not a public utility under the Public Utility Code. *See Chester Water Auth. v. PUC,* 581 Pa. 640, 645 n. 7, 868 A.2d 384, 387 n. 7 (2005); *accord In re Condemnation of Springboro Area Water Auth.,* 898 A.2d 6, 11 (Pa.Cmwlth.2006). Therefore, the Section 204(b)(2)(i) exception does not presently apply. The Legislature's decision to exempt regulated public utilities, but not municipal authorities, from the preclusive rule set forth in Section 204(a) demonstrates that it intended to allow—within constitutional limitations—the continued use of eminent domain for the provision of public services such as water and sewer access in tandem with private development for a limited, defined class of condemnors. As RAWA is not within that class, its condemnation of the drainage easement is in violation of PRPA.

Accordingly, the order of the Commonwealth Court is reversed, and the matter is remanded to the common pleas court for reinstatement of its order sustaining the preliminary objections and dismissing the Complaint. Although the water easement has not been challenged, the size of the condemned property—the overall utility easement—is in excess of that which is needed for water supply. Hence, RAWA is not entitled to the relief sought in its Complaint. *See Winger,* 371 Pa. at 248, 89 A.2d at 524 (enjoining a condemnation accomplished for a public use where the size of the condemned property exceeded what was reasonably necessary for such use).

Chief Justice CASTILLE and Justices EAKIN, BAER, TODD, McCAFFERY and STEVENS join the opinion.

**William ROHLAND, Appellant**

v.

**DEPARTMENT OF CORRECTIONS SCI–GRATERFORD (STATE OFFICE), Tom Rowland, Super/Officer at SCI–Graterford and Mike Wenerowicz, Pauline Zemorski, Mark Levy, Appellees.**

Supreme Court of Pennsylvania.

Sept. 24, 2014.

### *ORDER*

PER CURIAM.

**AND NOW,** this 24th day of September, 2014, the Order of the Commonwealth Court is hereby **AFFIRMED.**

**Tyrone HIGHTOWER, Appellant**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Appellee.**

Supreme Court of Pennsylvania.

Sept. 24, 2014.

Tyrone T. Hightower, Pro Se.

Chad L. Allensworth, PA Board of Probation & Parole, for Pennsylvania Board of Probation and Parole.

## *ORDER*

PER CURIAM.

**AND NOW,** this 24th day of September, 2014, the order of the Commonwealth Court is hereby **AFFIRMED.**

**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Kevin MARINELLI, Appellant.**

Supreme Court of Pennsylvania.

Sept. 24, 2014.

Billy Horatio Nolas, Esq., Federal Community Defender Office, Eastern District of PA, for Kevin Marinelli.

James Patrick Barker, Esq., Amy Zapp, Esq., PA Office of the Attorney General, for Commonwealth of Pennsylvania.

## *ORDER*

PER CURIAM.

**AND NOW,** this 24th day of September, 2014, the Order of the Court of Common Pleas of Northumberland County, dismissing appellant's third petition for relief (under the Post Conviction Relief Act ("PCRA")), 42 Pa.C.S. §§ 9541–9546, premised upon a lack of jurisdiction, is hereby AFFIRMED.

A petitioner filing a PCRA petition more than one-year after the judgment of sentence has become final, as here, must allege and prove that he or she meets one of three exceptions to the jurisdictional time requirement, as set forth under 42 Pa.C.S. § 9545(b)(1). In this case, appellant asserts that he established jurisdiction under both of the following exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; [and]

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence. . . .

*Id.* at § 9545(b)(i) and (b)(ii). Appellant's pleadings below did not establish the necessary jurisdiction pursuant to either of these subsections and, accordingly, this Court is without jurisdiction to entertain this third PCRA petition.

